1700 G Street, NW
Washington, DC 20552



November 14, 2019

<u>Via U.S. Mail and Email</u>

Law Offices of Crystal Moroney, P.C.
17 Squadron Blvd.
Suite 303
New City, NY 10956

Re:   Civil Investigative Demand served on the Law Offices of Crystal Moroney, P.C.
on November 14, 2019

Dear Ms. Moroney:

Attached is a civil investigative demand (CID) issued to you by the Bureau of Consumer
Financial Protection (Bureau) under 12 C.F.R. § 1080.6 and § 1052(c) of the Dodd-Frank
Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5562.  The Bureau is
currently seeking information for a non-public investigation, the purpose of which is
explained on the attached CID cover sheet.  Please note:

1. **Contact Bureau counsel, E. Vanessa Assae-Bille, as soon as possible to
   schedule an initial meeting that is required to be held within 10
   calendar days of receipt of this CID.**  During this meeting, you must discuss
   and attempt to resolve all issues regarding the CID, including timely compliance.
   The rules require that you make available at this meeting personnel with the
   knowledge necessary to resolve issues; such individuals may include, for example,
   information-technology professionals.  Please be prepared to discuss your planned
   compliance schedule, including any proposed changes that might reduce your cost
   or burden while still giving the Bureau the information it needs.

2. **You must retain and suspend any procedures that may result in the
   destruction of, documents, information, or tangible things that are in
   any way relevant to the investigation, as described in the CID's
   Notification of Purpose.**  You are required to prevent the destruction of relevant
   material irrespective of whether you believe such material is protected from future
   disclosure or discovery by privilege or otherwise. *See* 18 U.S.C. §§ 1505, 1519.

Please contact Bureau counsel as soon as possible to set up an initial meeting, which must be held within **10** calendar days of receipt of this CID.  We appreciate your cooperation.

Sincerely,


*/s/E. Vanessa Assae-Bille*
Enforcement Attorney


Attachment



United States of America
Bureau of Consumer Financial Protection

# Civil Investigative Demand

**To**  Law Offices of Crystal Moroney, P.C.
17 Squadron Blvd.
Suite 303
New City, NY 10956

This demand is issued pursuant to Section 1052 of the Consumer Financial Protection Act of 2010 and 12 C.F.R. Part 1080 to determine whether there is or has been a violation of any laws enforced by the Bureau of Consumer Financial Protection.

---

**Action Required** (choose all that apply)

☐ Appear and Provide Oral Testimony

| Location of Investigational Hearing | Date and Time of Investigational Hearing |
|---|---|
|  | Bureau Investigators |

☑ Produce Documents and/or Tangible Things, as set forth in the attached document, by the following date  **12/16/2019**

☑ Provide Written Reports and/or Answers to Questions, as set forth in the attached document, by the following date  **12/16/2019**

---

**Notification of Purpose Pursuant to 12 C.F.R. § 1080.5**

The purpose of this investigation is to determine whether debt collectors, furnishers, or associated persons, in connection with regularly collecting or attempting to collect consumer debt and furnishing consumer information to consumer-reporting agencies, have: (1) disregarded warnings that debts were the result of identity theft or otherwise disputed by consumers, in a manner that was unfair, deceptive, or abusive, in violation of §§ 1031 and 1036 of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536; (2) ignored cease-and-desist requests and engaged in other prohibited communications with consumers or third parties, or failed to provide required notices, or made false or misleading representations in a manner that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c, 1692e, 1692g; or (3) failed to correct and update furnished information, or failed to maintain reasonable policies and procedures in a manner that violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, or Regulation V, 12 C.F.R. § 1022.42. The purpose of this investigation is also to determine whether Bureau action to obtain legal or equitable relief would be in the public interest.

---

| **Custodian / Deputy Custodian** | **Bureau Counsel** |
|---|---|
| Deborah Morris / Annais Ramirez<br>The Bureau of Consumer Financial Protection<br>1700 G Street NW<br>Washington, DC 20552 | E. Vanessa Assae-Bille<br>The Bureau of Consumer Financial Protection<br>1700 G Street NW<br>Washington, DC 20552 |

| **Date Issued**<br>11/14/2019 | Signature | Deborah Morris | Digitally signed by Deborah Morris<br>Date: 2019.11.14<br>11:07:44 -05'00' |
|---|---|---|---|
|  | Name / Title | Deborah Morris, Deputy Enforcement Director | |

---

**Service**

The delivery of this demand to you by any method prescribed by the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5562, is legal service. If you fail to comply with this demand, the Bureau may seek a court order requiring your compliance.

**Travel Expenses**

Request a travel voucher to claim compensation to which you are entitled as a witness before the Bureau pursuant to Section 1052 of the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5562.

**Right to Regulatory Enforcement Fairness**

The Bureau is committed to fair regulatory enforcement. If you are a small business under Small Business Administration standards, you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

**Paperwork Reduction Act**

This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

## CIVIL INVESTIGATIVE DEMAND FOR
## PRODUCTION OF DOCUMENTS, TANGIBLE THINGS, WRITTEN
## REPORTS, AND ANSWERS TO INTERROGATORIES

## I.   Requests.

### Interrogatories

1. Identify all Persons who participated in responding to this CID, describe the specific tasks performed by each Person, and identify the response for which they performed each task.

2. Describe the Company's organizational structure, including:
   a. the Company's legal name and principal place of business;
   b. the date and jurisdiction in which it was incorporated or organized;
   c. all names under which the Company has done business;
   d. the Company's leadership including the principals, directors, and owners;
   e. each state in which the Company has done business; and
   f. the time period during which it did business in each state.

3. Describe each of the Company's business activities (e.g., debt collection, furnishing information to Consumer Reporting Agencies, litigation, etc.). For each of those business activities, provide the Company's annual revenue.

4. Describe:

   a. the type(s) of Debt the Company collects (e.g., medical, utilities, schoolbook rentals, etc.);
   b. the age range of Debt the Company collects;
   c. the method(s) by which the Company obtains Debt accounts (e.g., assignment, or portfolio purchase);
   d. whether the Company obtains Debt accounts after the accounts become delinquent or are in default;
   e. whether the Company collects Debts owed or asserted to be owed to another party;
   f. the type(s) of data and records the Company receives with each Debt account it obtains; and
   g. the method(s) by which the Company removes Debt accounts from its portfolio (e.g., settlements, referrals to law firms, conveyance to the creditor or third-party, or sale to Debt buyer(s)).

5. Identify each alternative name(s) or alias(es) the Company has used to identify itself when contacting consumers in connection with its Debt Collection Activities. Provide the date range during which the Company used the alternative name(s) or alias(es).

6. Describe the Company's compensation structure for its employees and agents performing Debt Collection Activities, including but not limited to the Company's wage structure, the Company's bonus structure, and the criteria considered and formulas applied to determine the award of bonuses and other rewards.

7. For each year during the Applicable Period, provide the highest total number of:

   a. employees or agents engaged in Debt Collection activities (excluding attorneys identified in response to Interrogatory 7(b)) working for the Company; and
   b. licensed attorneys working for the Company.

8. Identify each licensed attorney who formerly worked for the Company, including:

   a. their full legal name;
   b. their title(s) held at the Company;
   c. the month and year they began and ceased working for the Company; and
   d. whether they were engaged in Debt Collection Activities.

9. For each year during the Applicable Period, provide the total number of:

   a. lawsuits the Company filed in connection with its Debt Collection Activities; and
   b. court judgments the Company obtained against debtors.

10. Identify any former employees and agents (excluding attorneys identified in response to Interrogatory 7(b)) who have worked for the Company for a minimum of 90 calendar days. For each, include:

    a. the former employee's or agent's official title at the Company;
    b. the former employee's or agent's department at the Company;
    c. the month and year the former employee or agent began and ceased working at or for the Company;
    d. the reason the former employee or agent separated from the Company;
    e. the former employee's current or last known home address;
    f. the former employee's current or last known e-mail address; and
    g. the former employee's current or last known telephone number.

11. Identify each Person (including the dates of employment and any titles or positions held) who has been responsible for:

    a. creating or implementing the Company's training and guidance materials (including telephone scripts) relating to Debt Collection Activities;
    b. creating or implementing the Company's policies and procedures for complying with laws relating to Debt Collection Activities, including the

2

FDCPA, FCRA, and state and federal laws prohibiting unfair, deceptive, or abusive acts and practices; and

c. creating or implementing the Company's policies and procedures for receiving, logging, investigating, and responding to complaints and disputes relating to Debt Collection Activities, including recording and responding to cease-and-desist requests.

12. Identify each creditor or third-party for which the Law Offices of Crystal Moroney, P.C. performed Debt Collection Activities. For each creditor or third-party, and for each year during the Applicable Period, specify:

   a. the contact Person at Law Offices of Crystal Moroney, P.C.;
   b. type of Debt in the portfolio of Law Offices of Crystal Moroney, P.C.;
   c. the start date and end of date of the services that Law Offices of Crystal Moroney, P.C. provided;
   d. a description of each service Law Offices of Crystal Moroney, P.C. provided;

13. For each year during the Applicable Period, provide the number of:

   a. oral consumer disputes of Debt the Company received;
   b. written consumer disputes of Debt the Company received;
   c. written verification right notices the Company provided to consumers;
   d. written requests for verification of debt the Company received;
   e. oral requests for verification of debt that the Company received;
   f. written and oral notifications the Company received from consumers stating that their alleged Debt was incurred as a result of identity theft; and
   g. written cease-and-desist requests the Company received from consumers.

14. Describe how the Company generated the information produced in response to each subsection of Interrogatory 13.

15. Identify each telephone number the Company has used to contact consumers in connection with its Debt Collection Activities. Provide the date range during which the Company used the phone number, and whether the telephone number is associated with a fixed landline, a cellular telephone, or switched/digital or other telephone type.

16. Identify all databases the Company has used—whether in-house, hosted, or used by a vendor on the Company's behalf—to conduct Debt Collection Activities. For each database, identify or provide the following information:

   a. the employee(s) most knowledgeable about the database;

3

b. the database system name, commercial software name (if different from the system name), version, technology platform, and computing model (e.g., client, server, or multi-tier);

c. the time period during which the database is or was in use;

d. the names and descriptions of the data fields contained in the database;

e. the data type (e.g., date, time, integer, or text) in each data field;

f. any purposes beyond debt collection for which it is used;

g. a description of each category of Persons with access to any part(s) of the database, the identity of the part(s) to which each category of Persons has access, and for what purpose;

h. the timeframe for which information in each data field is stored or maintained;

i. a description of how the database is populated with data or information and by whom;

j. a description of how the database interacts with other Company systems, (e.g., file systems or other databases);

k. a description of any processes used to assure the accuracy of data in each database, including any internal controls, internal audits, or quality assurance programs performed on the database;

l. whether the database holds attachments (e.g.,  image, audio, or PDF files), and a description of those attachments;

m. a description of the reporting capabilities of the database;

n. a description of any regular or standard reports generated from the database, and the frequency with which such reports are generated;

o. whether the data stored in the database can be exported to Microsoft Excel or other readily available spreadsheet or database programs; and

p. a description of the frequency with which the database is archived or backed up, and the method by which it is archived or backed up.

17. For each database identified in response to Interrogatory 17, provide a data dictionary. For each data field, provide the following information:

| Data Element Terms | Data Element Definitions |
|---|---|
| Field Name | Unique name |
| Definition | Description of the meaning of the data element |
| Data Type | Type of data (e.g., date, numeric, text, memo, floating point) |
| Data Size | Maximum field length that will be accepted |
| Data Format | Format of data (e.g., YYYYMMDD, MM/DD/YYYY) |
| Field Constraints: Data Element is a required field (Y/N) | Required fields (Y) must be populated |
| Enumeration (if applicable) | If a field can only take certain values or codes (e.g. A, B, or C), list those values and an explanation of their meaning |
| Special, Dummy, Test Values | Include a narrative description (e.g., for calls |

4

| | to 555-555-5555, describe that number as being used for internal testing, or for dates populated as 1/1/1900, specify what that value means) |
|---|---|
| Formula | If the field is calculated, provide the formula for the calculation. |

18. For each Document the Company produces in response to Requests for Documents 1 through 13, provide the effective dates that each Document was in use. Provide this information in the following table format:

| Document Request No. | Bates No. | Title | Start Effective Date | End Effective Date |
|---|---|---|---|---|
| | | | | |

19. If, for any Interrogatory that calls for identification of a Person, there is no identifiable Person for the Applicable Period, identify the most recent identifiable Person, including Persons no longer affiliated with or employed by the Company. For each, specify the dates of affiliation or employment and any titles or positions held.

20. If, for any request, there are Documents that would be responsive but that are now unavailable, identify each Document and its last known location or custodian, and explain why the Document cannot be produced.

## Requests for Written Reports

Produce the following data in tab-delimited text files, using double-quote-escaped text fields when necessary. Where data derives from separate tables or dimensions, use a separate text file for data elements along each separate dimension. This should comply with at least the first normal form (1NF). Include both the unique identifiers and foreign keys (as well as indicators of their function) in each file expressing the relationship between these files. When data is available for some records and not others, leave the unavailable data items blank. Omissions due to unavailability should be described in narrative with the production. Individual records should never contain a varying number of fields. Where information exists at the record level requested but is not included in the individual Written Report Request, include this information in additional columns in your response to the Written Report Request. Additionally, provide any code used to generate and validate each Written Report.

1. For each Creditor or third-party with Debt in the Company's portfolio, and for each year during the Applicable Period, provide:

    a. the name of the Creditor or third-party;
    b. the unique identifier of Debt type;

5

    c. the total number of Debts the Company attempted to collect in any way;
    d. the total dollar amount of the Debts the Company attempted to collect in any way; and
    e. the Company's total revenue.

2. For each year during the Applicable Period, provide a log of all consumer complaints or disputes that the Company has received, including:

    a. the date on which the Company received the complaint or dispute;
    b. the name of the Person who submitted the request, and their:
       i. street address;
      ii. city;
     iii. state;
     iv. zip code;
      v. telephone number; and
     vi. email address;
    c. the unique identifier by which the Company identifies the Debt account related to the Person's complaint or dispute;
    d. a brief description of the complaint or dispute (e.g., cease-and-desist, Debt validation, information furnishing to Consumer Reporting Agencies, etc.);
    e. whether the complaint or dispute was written or oral;
    f. the date that the Company initiated contact with the Person who submitted the complaint or dispute; and
    g. any notes, codes, or history associated with the investigation of the complaint or dispute; and
    h. an explanation of the resolution.

3. For each consumer complaint or credit report dispute the Company received directly from a Consumer Reporting Agency during the Applicable Period, provide:

    a. the name of the Consumer Reporting Agency that submitted the complaint or dispute;
    b. the unique identifier by which the Company identifies the Debt account related to the complaint or dispute;
    c. the date that the Company received the complaint or dispute;
    d. a brief description of the nature of the complaint or dispute (e.g., identification theft, debt paid off, debtor's mistaken identity, etc.);
    e. the response code;
    f. the dispute code(s) (in separate fields);
    g. any notes, codes, or history associated with the investigation of the complaint or dispute;
    h. the date of resolution; and
    i. the Company's reason for closing the complaint or dispute.

4. Identify all telephone calls that the Company has made in attempt to collect a Debt on behalf of a Creditor or third-party, and provide all associated elements as stored in your or your providers' databases (e.g., Customer Relations Management systems and call recording systems) at a call level, including:

    a. account number associated with the call;
    b. unique identifier for the call;
    c. file reference for call recording, .wav file or similar;
    d. date and time of call;
    e. telephone number called;
    f. duration of call;
    g. unique operator ID associated with call;
    h. any call-type codes, disposition codes, resolution codes, product codes, or similar associated with the call (use separate columns);
    i. notes or comments associated with the call; and
    j. any other data unique to the call.

## Requests for Documents

1. One copy of all unique policies and procedures related to Debt Collection Activities, including but not limited to Debt Collection notices and calls, skip tracing, investigations, use of telephone line(s) or service(s) not controlled by the Company, and logging of complaints or disputes concerning identity theft submitted by consumers and Consumer Reporting Agencies.

2. One copy of all unique telephone scripts the Company has used while attempting to collect a Debt.

3. To the extent not already provided, one copy of all unique technical and employee manuals, handbooks, guidance documents, and training materials relating to Debt Collection Activities.

4. One copy of all unique policies and procedures related to Information Furnishing Activities, including but not limited to providing an address for consumers to submit disputes, correcting and updating consumer information to be furnished, and logging of complaints or disputes concerning identity theft submitted by consumers and Consumer Reporting Agencies.

5. To the extent not already provided, one copy of each unique technical and employee manuals, handbooks, guidance, and training materials relating to credit Information Furnishing Activities.

6. To the extent not already provided, one copy of all other unique policies and procedures for addressing consumers' complaints or disputes.

7. One copy of each unique policies and procedures for complying with laws relating to Debt Collection Activities and credit Information Furnishing Activities,

including the FDCPA, FCRA, and state and federal laws prohibiting unfair, deceptive, or abusive acts and practices.

8.  One copy of all unique templates, models, or form Documents the Company has used to notify consumers of their Debt verification rights.

9.  One copy of all unique templates, models, or form Documents the Company has used to respond to consumers' oral or written Debt validation requests.

10. One copy of all unique templates, models, or form Documents that the Company has used to respond to consumer complaints or disputes, including cease-and desist requests.

11. One copy of all other unique templates, models, or form Documents or letters that the Company has used in the attempt to collect a Debt from a consumer.

12. All audits relating to the Company's Debt Collection Activities, including but not limited to quality-assurance and compliance reviews of the Company's compliance with the Company's policies and procedures, the FDCPA, FCRA, and state and federal laws prohibiting unfair, deceptive, or abusive acts and practices.

13. Audited financial statements, including the corresponding footnote disclosures, balance sheets, income statements, statements of cash flows, and statements of changes in owners' equity for the Applicable Period through the latest month available for 2019. If no audited financial statements exist, unaudited financial statements along with the corresponding footnote disclosures.

## **Requests for Tangible Things**

1.  Metadata from call systems and related systems, including call notes, for all telephone calls made or received by the Company in an attempt to collect a Debt from a consumer.

2.  Recordings of all telephone calls between the Company and any Consumer relating to the Company's attempt to collect on a consumer Debt in the Company's portfolio.

3.  Recordings of all telephone calls between the Company and any third-party natural persons (excluding any Creditor or any third-party for which the Company is performing or had performed Debt Collection Activities) relating to the Company's attempt to collect on a consumer Debt in the Company's portfolio.

4.  For each account for which the Company made a call responsive to Requests for Tangible Things 2 and 3, identify all phone numbers authorized associated with the account. Provide each phone number as a separate observation, with fields for

the original account number associated with the phone number and any notes regarding the type of number (e.g., home, work, cell, or spouse work).

## II.   Definitions.

A.   "**And**" and "**or**" must be construed both conjunctively and disjunctively.

B.   "**Any**" includes "**all**," and "**all**" includes "**any**."

C.   "**CID**" means the Civil Investigative Demand, including the Requests, Topics for Hearing, Definitions, and Instructions.

D.   "**Bureau**" means the Bureau of Consumer Financial Protection.

E.   "**Company**" or "**you**" or "**your**" means the Law Offices of Crystal Moroney, P.C., and any successor in interest.

F.   "**Consumer**" or "**Debtor**" means any natural person obligated or allegedly obligated to pay any Debt as defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

G.   "**Consumer Reporting Agency**" means "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

H.   "**Debt**" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment as defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(5).

I.   "**Debt Collection Activities**" means all activities, including attempts, to collect a Debt either directly or indirectly (excluding the provision of legal services).

J.   "**Demand Letter**" means any document sent to a Consumer in an effort to collect a Debt.

K.   "**Deputy Enforcement Director**" refers to a Deputy Assistant Director of the Office of Enforcement.

L.   "**Document**" means any written matter of every type and description, including electronically stored information. "Document" includes any non-identical copy (such as a draft or annotated copy) of another document.

M.   "**Each**" includes "**every**," and "**every**" includes "**each**."

N.   "**Electronically Stored Information**," or "**ESI**," means the complete original

and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise) of any electronically created or stored information, including but not limited to e-mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a sent or deleted-items folder), word-processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, regardless of how or where the information is stored, including if it is on a mobile device.

O.      "**Enforcement Director**" refers to the Assistant Director of the Office of Enforcement.

P.      "**Fair Credit Reporting Act**" or "**FCRA**" means the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

Q.      "**Fair Debt Collection Practices Act**" or "**FDCPA**" means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

R.      "**Identify**" means to provide: (a) for natural persons, their name, title or position, present business affiliation, present business address, e-mail address, and telephone number, or if a present business affiliation or present business address is not known, the last known business address, home address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, identities of officers, directors, or managers of the business or organization, and contact persons with e-mail addresses and telephone numbers, where applicable; and (c) for documents, the title, date, authors, recipients, Bates numbers, if applicable, type of document or some other means of identifying the document, and the present or last known location or custodian.

S.      "**Information Furnishing Activities**" means all activities related to efforts to furnish consumer information to a Consumer Reporting Agency, either directly or indirectly.

T.      "**Person**" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

**III.    Instructions.**

A.      **Sharing of Information:** This CID relates to a nonpublic, law-enforcement investigation being conducted by the Bureau. The Bureau may make its files available to other civil and criminal federal, state, or local law-enforcement agencies under 12 C.F.R. §§ 1070.43(b)(1) and 1070.45(a)(5). Information you provide may be used in any civil or criminal proceeding by the Bureau or other agencies. As stated in 12 C.F.R. § 1080.14, information you provide in response to this CID is subject to the requirements and procedures relating to the disclosure of records and information set forth in 12 C.F.R. pt.

1070.

B.      **Meet and Confer:** As stated in 12 C.F.R. § 1080.6(c), you must contact Enforcement Attorney **E. Vanessa Assae-Bille** at **(202) 435-7688** as soon as possible to schedule a meeting (telephonic or in person) to discuss your response to the CID. The meeting must be held within **10** calendar days after you receive this CID or before the deadline for filing a petition to modify or set aside the CID, whichever is earlier.

C.      **Applicable Period for Responsive Materials:** Unless otherwise directed, the applicable period for the request is from **January 1, 2014, until the date of this CID ("Applicable Period").**

D.      **Privilege Claims:** If any material responsive to this CID is withheld on the grounds of privilege, you must make the privilege claim no later than the date set for the production of the material. As stated in 12 C.F.R. § 1080.8(a), any such claim must include a schedule of the documents, information, or tangible things withheld that states, for each:

  1.      its type, specific subject matter, and date;

  2.      the names, addresses, positions, and organizations of all authors and direct or indirect recipients;

  3.      the specific grounds for claiming the privilege;

  4.      the request to which the privileged document, information, or thing is responsive; and

  5.      its Bates number or range.

In addition, the person who submits the schedule and the attorney stating the grounds for the privilege must sign it. A person withholding material solely based on a claim of privilege must comply with the requirements of 12 C.F.R. § 1080.8 rather than file a petition for an order modifying or setting aside a demand under 12 C.F.R. § 1080.6(e). Please follow the enclosed Document Submission Standards for further instructions about producing redacted privileged documents.

E.      **Document Retention:** Until you are notified otherwise, you are required to retain all documents and other tangible things that you used or relied on in responding to this CID. In addition, you must retain, and suspend any procedures that may result in the destruction of, documents, information, or tangible things that are in any way relevant to the investigation, as described in the CID's Notification of Purpose. You are required to prevent the destruction of relevant material irrespective of whether you believe such material is protected from future disclosure or discovery by privilege or otherwise. *See* 18 U.S.C. §§ 1505, 1519.

F.      **Modification Requests:** If you believe that the scope of the search or response required by this CID can be narrowed consistent with the Bureau's need for documents or information, you are encouraged to discuss such possible modifications, including modifications of the requirements of these instructions, with Enforcement Attorney **E. Vanessa Assae-Bille** at **(202) 435-7688**. Modifications must be agreed to in writing by the Enforcement Director or a Deputy Enforcement Director. 12 C.F.R. § 1080.6(d).

G.      **Petition for Order Modifying or Setting Aside Demand:** Under 12 U.S.C. § 5562(f) and 12 C.F.R. § 1080.6(e), you may petition the Bureau for an order modifying or setting aside this CID. To file a petition, you must send it by e-mail to the Bureau's Executive Secretary at ExecSec@cfpb.gov, copying the Enforcement Director at Enforcement@cfpb.gov, within **20** calendar days of service of the CID or, if the return date is less than 20 calendar days after service, before the return date. The subject line of the e-mail must say "Petition to Modify or Set Aside Civil Investigative Demand." If a request for confidential treatment is filed, you must file a redacted public petition in addition to the unredacted petition. All requests for confidential treatment must be supported by a showing of good cause in light of applicable statutes, rules, Bureau orders, court orders, or other relevant authority.

H.      **Certification:** The person to whom the CID is directed or, if it is directed to an entity, any person having knowledge of the facts and circumstances relating to the production, must certify that the response to this CID is true and complete. This certification must be made on the form declaration included with this CID.

I.      **Scope of Search:** This CID covers materials and information in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of your attorneys, accountants, other agents or consultants, directors, officers, and employees.

J.      **Document Production:** The Bureau encourages the electronic production of all material responsive to this CID; please follow the enclosed Document Submission Standards.

All packages destined for Bureau offices should be addressed to:

>       Consumer Financial Protection Bureau
>       1700 G Street, NW
>       ATTN: Annais Ramírez-Velázquez, SEFL, Office of Enforcement, Seat 8125E.1
>       Washington, DC 20552

Please provide your intended method of production and any tracking numbers by e-mail or telephone to Enforcement Attorney **E. Vanessa Assae-Bille** at **Elisabeth.Assae-Bille@cfpb.gov** and **(202) 435-7688**.

K.      **Document Identification:** Documents that may be responsive to more than

12

one request of this CID need not be submitted more than once. All documents responsive to this CID must be accompanied by an index that identifies: (i) the name of each custodian of each responsive document; (ii) the corresponding Bates number or range used to identify that person's documents; and (iii) the request or requests to which each document responds.

L.     **Sensitive Personally Identifiable Information:** If any material called for by these requests contains sensitive personally identifiable information, or sensitive health information of any individual, please contact Enforcement Attorney **E. Vanessa Assae-Bille** at **(202) 435-7688** before sending those materials to discuss ways to protect the information during production. You must encrypt electronic copies of such materials with encryption software acceptable to the Bureau. When submitting encrypted material, you must provide the encryption key, certificate, or passcode in a separate communication.

For purposes of this CID, sensitive personally identifiable information includes an individual's Social Security number alone or an individual's name, address, or phone number *in combination with* one or more of the following: date of birth, Social Security number, driver's-license number or other state-identification number, or a foreign country equivalent, passport number, financial-account number, credit-card number, or debit-card number. Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

M.     **Information Identification:** Each request for a written report or interrogatory in this CID must be answered separately and fully in writing under oath. All information submitted must clearly and precisely identify the request or requests to which it is responsive.

N.     **Submission of Documents in lieu of Reports or Answers:** Documents in existence before your receipt of this CID that contain the information requested in any interrogatory may be submitted as part of or in lieu of an answer to the interrogatory. If you submit documents as part of or in lieu of an answer, you must clearly indicate the specific request to which the documents are responsive, and you must clearly identify the specific portion of the documents that are responsive, including page, paragraph, and line numbers, as applicable.

O.     **Declaration Certifying Records of Regularly Conducted Business Activity:** Attached is a Declaration Certifying Records of Regularly Conducted Business Activity, which may limit the need to subpoena you to testify at future proceedings to establish the admissibility of documents produced in response to this CID. Please execute this Declaration and provide it with your response.

P.     All references to "**year**" or "**annual**" refer to the calendar year. Where

13

information is requested "for each year," provide it separately for each year; where yearly data is not available, provide responsive information for the calendar year to date, unless otherwise instructed.

Q.      **Duty to Estimate**: If you are unable to answer any interrogatory fully, supply such information as is available. Explain why such answer is incomplete, the efforts you made to obtain the information, and the source from which the complete answer may be obtained. If books and records that provide accurate answers are not available, enter best estimates and describe how the estimates were derived, including the sources or bases of such estimates. Estimated data should be followed by the notation "est." If there is no reasonable way to make an estimate, provide an explanation.

## CERTIFICATE OF COMPLIANCE WITH RFPA

The Right to Financial Privacy Act of 1978 (RFPA) does not apply to the disclosure of financial records or information to the Bureau of Consumer Financial Protection "in the exercise of its authority with respect to a financial institution." 12 U.S.C. § 3413(r). This civil investigative demand is also issued in connection with an investigation within the meaning of section 3413(h)(1)(A) of the RFPA. Therefore, in accordance with section 3403(b) of the RFPA, the undersigned certifies that, to the extent applicable, the provisions of the RFPA have been complied with as to the Civil Investigative Demand issued to Law Offices of Crystal Moroney, P.C., to which this Certificate is attached.

The information obtained will be used to determine whether the persons named or referred to in the attached Civil Investigative Demand are in compliance with laws administered by the Bureau of Consumer Financial Protection. The information may be transferred to another department or agency consistent with the RFPA.

Under the RFPA, good faith reliance on this certificate relieves the recipient and its employees and agents of any liability to customers in connection with the requested disclosures of financial records of these customers. *See* 12 U.S.C. § 3417(c).

Deborah Morris

Digitally signed by Deborah Morris
Date: 2019.11.14 11:10:04 -05'00'

Deborah Morris
Bureau of Consumer Financial Protection
Deputy Director, Office of Enforcement

## DECLARATION CERTIFYING RECORDS OF
## REGULARLY CONDUCTED BUSINESS ACTIVITY
### Pursuant to 28 U.S.C. § 1746

I, _____, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by _____ as _____

   and by reason of my position am authorized and qualified to certify the

   authenticity of the records produced by Law Offices of Crystal Moroney, P.C. and

   submitted with this Declaration.

2. The documents produced and submitted with this Declaration by Law Offices of

   Crystal Moroney, P.C. are true copies of records of regularly conducted activity

   that were:

   a. made at or near the time of the occurrence of the matters set forth, by, or

      from information transmitted by, a person with knowledge of those

      matters;

   b. kept in the course of the regularly conducted business activity; and

   c. made by the regularly conducted business activity as a regular practice.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on

_____.


_____
Signature

## **CERTIFICATE OF COMPLIANCE**

I, _____, pursuant to 28 U.S.C. §
1746, declare that:

1. I have confirmed that a diligent search has been made for all responsive documents
   and information in the possession, custody, or control of Law Offices of Crystal
   Moroney, P.C..

2. All of the documents and information identified through the search described in
   paragraph 1 above required by the Civil Investigative Demand dated November
   14th, 2019 that are within the possession, custody, or control of Law Offices of
   Crystal Moroney, P.C. have been submitted to the Bureau custodian or deputy
   custodian identified in this Civil Investigative Demand.

3. If a document or tangible thing responsive to this Civil Investigative Demand has
   not been submitted, an interrogatory or a portion of an interrogatory has not been
   fully answered, or a report or a portion of a report has not been completed,  a claim
   of privilege in compliance with 12 C.F.R. § 1080.8 has been submitted.

4. Law Offices of Crystal Moroney, P.C. has reviewed all responsive answers, reports,
   other documents and tangible things (collectively "Responses"), and has
   designated as confidential all those Responses, and only those Responses, the
   disclosure of which would cause substantial harm to the competitive position of
   Law Offices of Crystal Moroney, P.C., as that term is used for purposes of the
   Freedom of Information Act.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on

_____.

_____

Signature