**MEMO ENDORSED**

☼ New Civil Liberties Alliance

June 9, 2020

**VIA E-MAIL & ECF**

Hon. Kenneth M. Karas
KarasNYSDChambers@nysd.uscourts.gov
Charles L. Brieant Jr. Federal Building & Courthouse
300 Quarropas Street
White Plains, NY 10601

>Re:  *Law Offices of Crystal Moroney, P.C. v. CFPB et al.*, Case No. 7:19-cv-11594 (KMK)
>*CFPB v. Law Offices of Crystal Moroney, P.C.*, Case No. 7:20-cv-3240 (KMK)
>*Letter-Motion to Consolidate and Stay | Expedited Review Requested*

Dear Judge Karas:

Pursuant to Southern District of New York Local Rule 7.1(d) and your Individual Rules of Practice I(B)-(C) and II(A), Plaintiff-Respondent Law Offices of Crystal Moroney, P.C. respectfully requests a pre-motion conference so that Plaintiff-Respondent may move for an order to consolidate *Law Offices of Crystal Moroney, P.C. v. CFPB et al.*, Case No. 7:19-cv-11594 with *CFPB v. Law Offices of Crystal Moroney, P.C.*, Case No. 7:20-cv-3240, pursuant to Federal R. Civ. P. 42(a), and to stay both cases until July 1, 2020, pursuant to this Court's inherent power to control the disposition of cases on its docket in an efficient manner. Plaintiff-Respondent has filed this letter-motion through ECF and has marked Chambers' e-mail "URGENT," pursuant to Rule 3(B) of your Emergency Individual Rules and Practices in Light of COVID-19. Plaintiff-Respondent requests expedited consideration of this letter-motion to forestall additional unnecessary delay and needless costs in these two related cases.

**Motion to Consolidate Proceedings**

Plaintiff-Respondent intends to move to consolidate the proceedings. Under the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). These cases have the same parties, the same operative facts, the same applicable law, the same venue, and even the same judge. Running two nearly identical cases on separate tracks is grossly inefficient.

The Bureau, however, is against consolidation, despite affirmatively asserting that

> [j]udicial efficiency [ ] strongly favors treating the two matters as related to avoid substantial duplication of effort and expense, delay, and undue burden on the Court and parties, as well as the possibility of conflicting orders.

*CFPB v. Law Offices of Crystal Moroney, P.C.*, Petitioner's Related Case Statement at 2 (Apr. 27, 2020). The Bureau's unwillingness to consent to consolidation is perplexing. The Bureau agrees with Plaintiff-Respondent that the "parties are the same[.]" *Id.* And both sides agree that there is "substantial factual overlap" and "significant overlap in the legal issues raised in both matters[.]" *Id.* The Bureau's own assertions should provide sufficient grounds to consolidate the cases.

Additionally, there are already two competing orders in these cases, a May 13, 2020 Order to Show Cause and a prior April 6, 2020 Amended Scheduling Order. They have conflicting filing deadlines regarding substantially similar issues, which have already caused unnecessary cost and delays to the parties and to this Court. For instance, Plaintiff-Respondent must amend the First Amended Verified Complaint in response to the Bureau's June 1, 2020 letter-motion to dismiss, because the Bureau rendered certain allegations in the Complaint anachronistic upon the Bureau's filing of its Petition to Enforce Civil Investigative Demand without informing opposing counsel. The Petition fundamentally alters the factual and jurisdictional landscape of the case, and it was filed **six days prior** to the First Amended Complaint's being filed. Undersigned counsel was informed of the filing on May 4th, but that was **four days after** filing. Separate tracks for the same parties litigating substantially similar factual and legal issues cannot help but create inefficiencies such as this, even absent gamesmanship. These cases should not proceed independently of each other.

**Motion to Stay Proceedings**

Plaintiff-Respondent intends to move to stay the proceedings until July 1, 2020 and will request a scheduling conference for that date, or as soon thereafter as it may be convened. This Court may grant a stay under these circumstances because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Mottolese v. Kaufman*, 176 F.2d 301, 303 (2d Cir. 1949) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotations omitted)).

The December 2019 and April 2020 cases should be stayed because

> '[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy.' *Jugmohan v. Zola*, No. 98-CV-1509, 2000 U.S. Dist. LEXIS 1910, 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000); *see also Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (A court may 'properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action.').

*Loftus v. Signpost Inc.*, No. 19-cv-7984 (JGK), 2020 U.S. Dist. LEXIS 97036, *4 (S.D.N.Y. June 2, 2020) (Exhibit A).

The United States Supreme Court will decide *Seila Law, LLC v. CFPB*, No. 19-7 (oral argument heard Mar. 3, 2020), before the end of the month. In the cases before this Court **and** the Supreme Court, the Bureau has taken the position that Title X's for-cause removal provision is unconstitutional, but severable. Whether that argument accurately articulates the state of the law cannot be known until the Supreme Court decides *Seila Law*. Since the Supreme Court's ruling will

have a significant, if not dispositive, impact on the December 2019 and April 2020 cases, "[p]roceeding with this litigation several [weeks] before the Supreme Court more precisely defines the claims at issue would be unnecessarily wasteful of both the Court's and the litigants' resources." *Authors Guild v. Dialog Corp.*, No. M-21-90 (GBD), 2001 U.S. Dist. LEXIS 2047, *7 (S.D.N.Y. Mar. 1, 2001) (identifying several **months** as a reasonable period to wait for a Supreme Court decision) (Exhibit B).

Moreover, the Second Circuit appears to agree that a stay is wise regarding issues specifically related to the Bureau's constitutionality, as the court adjourned the appeal of *CFPB v. RD Legal Funding, LLC*, 332 F. Supp. 3d 729 (S.D.N.Y. 2018), **more than seven months prior** to the expected *Seila Law* decision. On information and belief, the court suspended the case to avert any chance that it would enter a ruling or order inconsistent with the Supreme Court. This Court should not risk entering an order inconsistent with that of the Supreme Court, especially where the Second Circuit has already declined to do so.

### Request to Expedite Hearing

Plaintiff-Respondent respectfully requests an expedited hearing on the issues presented in this letter-motion, or in the alternative, a temporary stay until the Court rules on these issues. If the Court denies this request, the delays and costs to the parties and to the Court will unnecessarily compound while this letter-motion is pending. Plaintiff-Respondent's opposition to the April 2020 case is due on June 17, 2020, the Bureau's reply is due 14 days later, and the show cause hearing is set for July 16. In the December 2019 case, the Second Amended Complaint's proposed due date is August 1, 2020.

In the interim, the Supreme Court will decide *Seila Law* before the show cause hearing, very likely rendering all prior filings in the April 2020 case inconsistent with the current state of the law. The degree to which the filings inadequately state the law is irrelevant, as even modest changes to the Bureau's enabling statute will require all pleadings to be redrafted to properly assert jurisdictional claims and affirmative defenses and counterclaims. It would be wasteful of Plaintiff-Respondent's resources to draft an opposition that will have to be redrafted just a few weeks later, and wasteful of the Bureau's and this Court's resources to read it.

### Conclusion

For the reasons set forth above, the Law Offices of Crystal Moroney, P.C. respectfully requests a pre-motion conference for the purpose of seeking an order to consolidate the December 2019 and April 2020 cases, staying both cases until a scheduling conference may be convened on July 1, 2020 or as soon thereafter as possible.

The Bureau is to respond to this letter by 6/11/20. In submitting its response, the Bureau should know that the Court is inclined to consolidate and stay this case along the lines suggested by Plaintiff.

Respectfully submitted,

So Ordered.

*/s/ Michael P. DeGrandis*  
6/9/20

Michael P. DeGrandis  
Senior Litigation Counsel

Attachments

cc: E. Vanessa Assae-Bille, Esq. (via e-mail and ECF)  
Kevin E. Friedl, Esq. (via e-mail and ECF)